**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. No. 00-083T |
| vs. | ) | (Superseding Indictment) |
| | ) | |
| ARTIN H. COLOIAN | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT COLOIAN'S MOTIONS TO EXPUNGE AND SEAL**

Now comes the United States, and, for the reasons stated in the attached Memorandum of Law, objects to defendant Artin H. Coloian's Motions to Expunge and Seal the record in the above case.

Respectfully submitted,
UNITED STATES OF AMERICA

By its attorneys,
ROBERT CLARK CORRENTE
United States Attorney

Richard W. Rose /TD

RICHARD W. ROSE
Assistant U.S. Attorney

Terrence P. Donnelly

TERRENCE P. DONNELLY
Assistant U.S. Attorney

CERTIFICATION OF SERVICE

I hereby certify that on this 5th day of January, 2006, I served by first class mail, postage prepaid, a copy of the within Government's Consolidated Response to Defendant Coloian's Motion to Expunge and Seal, along with its accompanying Memorandum of law, to the following:

Steven D. Dilibero, Esq.
130 Dorrance Street
Providence, RI 02903

Libana M. Steele

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. No. 00-083T |
| vs. | ) | (Superseding Indictment) |
| | ) | |
| ARTIN H. COLOIAN | ) | |

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS CONSOLIDATED RESPONSE TO DEFENDANT COLOIAN'S MOTIONS TO EXPUNGE AND SEAL**

Defendant Artin Coloian has moved this Court to both seal and expunge his record in the above entitled matter.[1] The government objects. First, the District Courts do not possess subject-matter jurisdiction to expunge judicial records. Even assuming that the Court possesses the inherent authority to expunge records, expungement is limited to extraordinary circumstances. Here, the defendant, in his one-and-a-half page Memorandum, makes no effort to describe to the Court why he would be entitled to such extraordinary relief.

1. The District Court's Power to Expunge. In his Memorandum, the defendant states that this Court has the power to grant an expungement. The defendant cites no statute, rule, or constitutional provision upon which this power is based. The government is not aware of any, nor of any authority on this

[1] The government presumes that the defendant filed his two motions in the alternative. Further, the defendant has moved to expunge and/or seal "his record" without further elaboration as to what "record" he is precisely seeking to expunge or seal. The government therefore presumes that he means any and all judicial records connected to his case, including the indictment, pleadings, exhibits, and transcripts of public court proceedings.

matter from the First Circuit.

It goes without saying that federal courts are courts of limited jurisdiction. "[T]hey possess only that power authorized by the Constitution and statutes, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (citations omitted). Based on this doctrine, both the Third and Ninth Circuits have held that - absent a showing that criminal proceedings were invalid or unlawful - the district courts do not have subject matter jurisdiction to hear motions to expunge such as that filed by the defendant here. United States v. Dunegan, 251 F.3d 477 (3rd Cir. 2001) (rejecting inherent powers and ancillary jurisdiction as jurisdictional bases); United States v. Sumner, 226 F.3d 1005 (9th Cir. 2000). In Sumner, the court noted that

> Sumner has not cited, nor has our research disclosed, any statute in which Congress has empowered a district court to reopen a criminal case after its judgment has become final for the purpose of expunging a record of a valid arrest or conviction to enhance a defendant's employment opportunities. We hold that a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief. The power to expunge a record of a valid arrest and conviction on equitable grounds must be declared by Congress. The Constitution prohibits federal courts from expanding their own subject matter jurisdiction.

226 F.3d at 1015.[2]

Other Circuits have found that the district courts possess an equitable or inherent authority to expunge records. See e.g., United States v. Flowers, 389 F.3d 737 (7th Cir. 2004). However, these courts have found that expungement should be reserved for "extraordinary circumstances," even in cases where the defendant has been acquitted or had his case dismissed. United States v. Friesen, 853 F.2d 816 (10th Cir. 1988) (attorney acquitted of narcotics trafficking charges not automatically entitled to expungement); Livingston v. U.S. Dep't of Justice, 759 F.2d 74, 78 n.30 (D.C. Cir. 1985) (acquittal does not justify expungement). The case cited by the defendant, Natwig v. Webster, 562 F.2d 225 (D.R.I. 1983), also states that "it would appear that an acquittal, standing alone, is not sufficient to warrant an expunction of an arrest record." Id. at 228. It should also be noted that, even assuming the validity of the Natwig reasoning, Judge Pettine was motivated to grant the motion

---

[2] The defendant cites United States v. Smith, 745 F.Supp. 1553 (C.D. Cal. 1990) as authority for his proposition that the district courts have expungement power. That case was reversed. The Ninth Circuit vacated Smith, finding that, in the absence of any illegality in the original proceeding, the court could not exercise an expungement power simply to assist the defendant in reenlisting in the military. United States v. Smith, 940 F.2d 395 (9th Cir. 1991). In Smith the Court of Appeals presumed that the district court had the power to expunge the matter. Id. at 396. Later, the Sumner court held that, absent an illegality in the original case, a district court did not possess ancillary jurisdiction to expunge records based solely on equitable considerations. 226 F.3d at 1014.

in part because the grand jury returned a no true bill. Id. at 230. Such is not the case here, where the defendant was validly indicted, tried on such, and acquitted only after several hours of deliberation by the jury.

In Flowers, the court prescribed a balancing test, weighing the "dangers of unwarranted adverse consequences to the individual" against the "public interest in maintenance of the records." 389 F.3d at 739. The Seventh Circuit noted, however, that "[a]lthough we have adopted a balancing test, it seems clear that the balance very rarely tips in favor of expungement." Id. This is so because expungement is an "extraordinary remedy"; therefore, "'unwarranted adverse consequences' must be uniquely significant in order to outweigh the strong public interest in maintaining accurate and undoctored records." Id. As to the government's interest in maintaining accurate records, the court aptly stated:

> [t]hat interest is strong as evidenced by the statutory admonition found in 28 U.S.C. § 534 which requires the Department of Justice to collect criminal records and make them available to state and local law enforcement agencies. Records relating to a person's criminal conduct are vital tools to law enforcement and are, at least as of today, essential to the computation of sentences under the United States Sentencing Guidelines. Other evidence of the weight of the public interest can be seen in the long tradition of open proceedings and public records, which is the essence of a democratic society.
>
> To outweigh that interest, "unwarranted adverse consequences" must truly be extraordinary. The phrase does not refer to adverse consequences which attend every arrest and conviction. Those are unfortunate but

> generally not considered unwarranted adverse consequences. It is possible, even likely, that any person with an arrest or conviction record may well be impeded in finding employment.

Id.

Here, the defendant has not even attempted to present the "extraordinary" circumstances which the courts have stated are a necessary threshold to even contemplate expungement. He simply recites vague assertions that the effects of his case are "unusual and extreme." He states that his record "impedes his ability to practice law and conduct business." He does not specify how this Court's records have achieved this, nor does he clarify the damage done when, on information and belief, he appears to have a healthy law practice as well as an ongoing restaurant business.

For all of these reasons, the government respectfully requests that the defendant's Motion to Seal and Motion to Expunge be denied.

Respectfully submitted,
UNITED STATES OF AMERICA

By its attorneys,
ROBERT CLARK CORRENTE
United States Attorney

Richard W. Rose
RICHARD W. ROSE
Assistant U.S. Attorney

Terrence P. Donnelly
TERRENCE P. DONNELLY
Assistant U.S. Attorney

CERTIFICATION OF SERVICE

I hereby certify that on this 5th day of January, 2006, I served by first class mail, postage prepaid, a copy of the within Government's Consolidated Response to Defendant Coloian's Motion to Expunge and Seal, along with its accompanying Memorandum of law, to the following:

Steven D. Dilibero, Esq.
130 Dorrance Street
Providence, RI 02903

[signature]