USDC-RI
00-00083

# United States Court of Appeals
## For the First Circuit

---

No. 06-1357

UNITED STATES OF AMERICA,

Appellee,

v.

ARTIN H. COLOIAN,

Defendant, Appellant.

---

**JUDGMENT**

Entered: March 20, 2007

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY
FIRST CIRCUIT COURT OF APPEALS
BOSTON, MA
By: S.B. Date: 3/20/2007

This cause came on to be heard on appeal from the United States District Court for the District of Rhode Island and was argued by counsel.

Upon consideration whereof, it is now here ordered, adjudged and decreed as follows: The district court's order is vacated, and the matter is remanded to the district court for dismissal for want of jurisdiction.

By the Court:

Richard Cushing Donovan, Clerk

[Certified copies to Hon. Ernest C. Torres and Mr. David DiMarzio, Clerk, United States District Court for Rhode Island. Copies to Mr. Rose, Mr. Lockhart, Mr. Donnelly, Mr. DiLibero, Ms. Ciresi, & Mr. Smith. ]

# United States Court of Appeals
## For the First Circuit

No. 06-1357

UNITED STATES OF AMERICA,

Appellee,

v.

ARTIN H. COLOIAN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Torruella, Circuit Judge,
Cyr, Senior Circuit Judge,
and Howard, Circuit Judge.

Mary June Ciresi, for appellant.

Donald C. Lockhart, Assistant United States Attorney, with whom Robert Clark Corrente, United States Attorney, and Terrence Donnelly, Assistant United States Attorney, were on brief, for appellee.

March 20, 2007

**TORRUELLA**, **Circuit Judge**. On April 2, 2001, defendant-appellant Artin H. Coloian was indicted on charges of bribery and conspiracy to commit bribery. The case went to trial and on June 27, 2002, Coloian was acquitted of both counts. Three years later, Coloian filed a motion to expunge his criminal record on equitable grounds under the original district court case number. The government responded that the district court lacked jurisdiction to consider the motion and that the requested relief was inappropriate in any event. The district court concluded that it did have jurisdiction to expunge records, but that expungement was not warranted in Coloian's case. After careful consideration, we vacate the district court's order and remand for dismissal for want of jurisdiction.

## I. Factual Background

On April 2, 2001, a federal grand jury returned a superseding indictment charging Coloian, an attorney and former Chief of Staff for the mayor of Providence, among others, with various public corruption offenses. Coloian's case proceeded to trial on two counts: bribery and conspiracy to commit bribery. Those charges were based on allegations that Coloian had been involved in a scheme whereby Vincent A. Cianci, Jr., then mayor of Providence, was paid $5,000 for obtaining a job for one Christopher

Ise. On June 27, 2002, following a four-day trial, a jury acquitted Coloian of both counts.[1]

On December 8, 2005, more than three years later, Coloian filed a Motion to Expunge under the original district court case number in the United States District Court for the District of Rhode Island.[2] In that motion, Coloian asked the court to "expunge his record with all due dispatch." Coloian asserted that expungement was warranted on equitable grounds because the "stigma" of having been charged "is extreme and unusual" and his arrest and trial resulted in impediments to "his ability to practice law and business." Coloian also filed a related motion to seal the records.[3]

The government filed a consolidated response in which it challenged the court's jurisdiction to expunge Coloian's record on equitable grounds and argued that, even if jurisdiction existed, the requested expungement was inappropriate given Coloian's circumstances. In reply, Coloian reasserted his complaints of

---

[1] During the trial, the district court denied Coloian's motion for judgment of acquittal.

[2] The word "expunge" generally refers to the physical destruction of information. Dubnoff v. Goldstein, 385 F.2d 717, 724 (2d Cir. 1967). With respect to criminal records, expunction refers to the process of sealing or destroying the record of a criminal conviction after expiration of a certain time. U.S. v. Johnson, 941 F.2d 1102, 1111 (10th Cir. 1991) (citing Black's Law Dictionary at 522 (5th ed. 1979)).

[3] Coloian does not appeal the district court's ruling on his motion to seal.

stigma and made vague allegations of "zealous prosecution" during the course of the grand jury proceedings in his case.

At a February 10, 2006 hearing, Coloian conceded that nothing in the criminal record had "disqualif[ied] him for anything that he might apply for in the future," but emphasized that the record appeared on his credit report, and that he was questioned about it by banks, potential clients and friends. Coloian suggested that he was different from other acquitted defendants in that he was a "practicing attorney" and "a member of the business community," and as such, a criminal record was particularly damaging because character and reputation are of particular importance in his chosen career.

In an oral disposition, the district court first concluded that "courts do have inherent authority and inherent control over their records and can, in appropriate circumstances, expunge records, but that power should be very sparingly exercised." The court noted that expungement would be appropriate upon a showing that the proceedings had been unlawful or invalid, or the record of the proceeding caused "extreme hardship" in a particular case. However, the court found that Coloian had not presented "anything even approaching satisfaction of either of those criteria."

On appeal, Coloian contends that the district court acquired and retained subject matter jurisdiction over this case

once the indictment was filed against him pursuant to 18 U.S.C. § 3231. He further asserts that the district court has ancillary jurisdiction to adjudicate and determine matters incidental to the exercise of its primary jurisdiction. Coloian contends that because his motion to expunge his criminal record relates to the charges in the indictment and "remain[s] a public record and record of the District Court," the district court has ancillary jurisdiction over the expungement of the criminal records.[4] We disagree.

## II. Discussion

We review the threshold jurisdictional issue de novo. See Baella-Silva v. Husley, 454 F.3d 5, 10 (1st Cir. 2006).

---

[4] Congress has specifically provided for expungement or related remedies in narrowly defined circumstances. See, e.g., 5 U.S.C. §§ 552a(d), (g)(1)(C) (allowing claims to amend public records that are inaccurate); 10 U.S.C. § 1565(e) (mandating expungement of DNA records when military conviction is overturned); 18 U.S.C. § 3607 (c) (allowing for expungement of criminal records in certain drug possession cases); 21 U.S.C. § 844a(j) (allowing for expungement of civil penalty records in certain drug possession cases); 42 U.S.C. § 14132(d) (allowing for expungement of DNA records held by the FBI in certain cases where conviction is overturned). Also, federal courts have upheld the expungement of criminal records as a remedy for arrests or prosecutions that violate federal statutes or the constitution. See, e.g., United States v. McLeod, 385 F.2d 734, 738-39 (5th Cir. 1967)(directing the expungement of all arrests and prosecutions in the record as a remedy for state's violation of the Civil Rights Act); Sullivan v. Murphy, 478 F.2d 938, 960 (D.C. Cir. 1973) (same, as remedy for government's violation of the Constitution). Coloian does not seek expungement under any of these statutes, nor does he seek expungement as a remedy for the violation of his statutory or constitutional rights.

This case presents an issue of first impression in the First Circuit. The only case in this Circuit to have addressed this issue, albeit indirectly, is Reyes v. Supervisor of the DEA, 834 F.2d 1093 (1st Cir. 1987). In that case, we held that "the court below did not commit reversible error by refusing to exercise its equitable discretion to expunge Reyes' files. That power is a narrow one, and has been used more often to expunge records of unconstitutional convictions." Id. at 1098 (citation omitted). Although this holding assumes that courts are empowered to order expungement based on equitable considerations, the question of the district court's jurisdiction to order the expungement was not squarely before the court. We must now determine whether a district court has ancillary jurisdiction to adjudicate a motion to expunge criminal records based purely on equitable grounds.

A district court has original jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. We have held that "[o]nce subject-matter jurisdiction has properly attached, courts may exceed their authority or otherwise err without loss of jurisdiction." Prou v. United States, 199 F.3d 37, 45 (1st Cir. 1999). However, by providing for a deadline for notices of appeal from a court's judgment, Rule 4(b) of the Federal Rules of Appellate Procedure "is a jurisdictional limitation upon the powers of the district court after a judgment of conviction has been entered." United States v. Sumner, 226 F.3d 1005, 1013 (9th

Cir. 2000) (citing 18 U.S.C. § 3562(b); United States v. Dumont, 936 F.2d 292, 295 (7th Cir. 1991)). Still, a district court may assert ancillary jurisdiction "to adjudicate claims and proceedings related to a claim that is properly before the court." Black's Law Dictionary 868 (8th ed. 2004); see also United States v. Dunegan, 251 F.3d 477, 478-79 (3d Cir. 2001) ("A federal court invokes ancillary jurisdiction as an incident to a matter where it has acquired jurisdiction of a case in its entirety and, as an incident to the disposition of the primary matter properly before it. It may resolve other related matters which it could not consider were they independently presented.").

In Kokkonen v. Guardian Life Insurance Co. of America, the Supreme Court shed some light on the contours of a district court's ancillary jurisdiction. 511 U.S. 375 (1994). In that case, the Court unanimously held that a district court lacked subject matter jurisdiction to enforce a settlement agreement it had approved where its accompanying order of dismissal did not reserve jurisdiction. Id. at 378. In so holding, the Court began by reiterating that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Id. at 377 (citations omitted). The Court went on to state that federal courts' ancillary jurisdiction serves two purposes: "(1) to permit disposition by a single court of claims

that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. at 379-80 (citations omitted).

The Court first noted that the claim originally before the district court -- the claim it dismissed -- had nothing to do with the claim for breach of the settlement agreement; "it would neither be necessary nor even particularly efficient that they be adjudicated together." Id. at 380. As such, the district court's assertion of jurisdiction could not be said to serve the first purpose of ancillary jurisdiction. Id. With respect to the second purpose, the Court stated that the "inherent power" requested in that case -- the power to reopen the case to enforce the settlement agreement -- was "quite remote from what courts require in order to perform their functions," given that the district court's only order in the underlying case was that the suit be dismissed, "a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agreement."[5] Id.

---

[5] Examples of a district court's proper exercise of ancillary jurisdiction "to enable a court to function successfully" include the power to compel payment of sanctions for misconduct, Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991), the power to fine for contempt or imprison for contumacy, United States v. Hudson, 11 U.S. (7 Cranch) 32, 34 (1812), and the power to appoint an attorney to prosecute defendants for criminal contempt, Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 795 (1987). See Kokkonen, 511 U.S. at 380 (citing also 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3523 (1984)).

In view of the Supreme Court's instruction on the purposes of ancillary jurisdiction, we must determine whether Coloian's request for the expungement of his criminal record, based solely on equitable grounds,[6] serves either of these purposes.

The Third, Eighth and Ninth Circuits have read Kokkonen to preclude ancillary jurisdiction over orders to expunge criminal records based solely on equitable grounds. These circuits have rejected the notion that a federal court's jurisdiction under either § 3231 or its "inherent power" provides ancillary jurisdiction over equitable orders to expunge because such orders do not fit within Kokkonen's purposes for ancillary jurisdiction.

---

[6] When we refer to "equitable grounds," we mean grounds that rely only on notions of fairness and are entirely divorced from legal considerations. Other circuit courts have also emphasized this distinction. See, e.g., United States v. Meyer, 439 F.3d 855, 860-62 (8th Cir. 2006) (holding that "a district court does not have subject matter jurisdiction over a motion to expunge that is based solely on equitable considerations," but that it "may have ancillary jurisdiction to [expunge] in extraordinary cases to preserve its ability to function successfully by enabling it to correct an injustice caused by an illegal or invalid criminal proceeding"); United States v. Dunegan, 251 F.3d 477, 480 (3d Cir. 2001) (holding that a district court did not have jurisdiction over a motion to expunge criminal records based on equitable grounds, but declining to decide "whether a record may be expunged on the basis of Constitutional or statutory infirmity in the underlying criminal proceedings or on the basis of an unlawful arrest or conviction"); United States v. Sumner, 226 F.3d 1005, 1014-15 (9th Cir. 2000) (holding that expungement of a criminal record "solely on equitable grounds, such as to reward a defendant's rehabilitation and commendable post-conviction conduct" did not serve the purposes of ancillary jurisdiction as articulated in Kokkonen, and that "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error").

See, e.g., Dunegan, 251 F.3d at 479 (3d Cir. 2001) ("We do not believe that [the ancillary jurisdiction purposes articulated in Kokkonen] contemplate a petition for the expungement of a criminal record."); Meyer, 439 F.3d at 859-60 (8th Cir. 2006) ("In light of the Supreme Court's instruction narrowing the scope of ancillary jurisdiction in [Kokkonen], we are convinced that a district court does not have ancillary jurisdiction to expunge a criminal record based solely on equitable grounds."); Sumner, 226 F.3d at 1014 (9th Cir. 2000) ("Expungement of a criminal record solely on equitable grounds . . . does not serve [the ancillary jurisdiction purposes articulated in Kokkonen].").

The Second, Seventh, Tenth and D.C. Circuits, however, have concluded that district courts do have ancillary jurisdiction to expunge records based on equitable considerations.[7] See, e.g., United States v. Flowers, 389 F.3d 737, 739 (7th Cir. 2004) ("The test for the expungement of judicial records is a balancing test: 'if the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate.'" (quoting United States v. Janik, 10 F.3d 470, 472 (7th Cir. 1993)); United States v.

[7] Although the Seventh and Tenth Circuits have not specifically tied the district court's power to expunge criminal records to a particular jurisdictional basis, we interpret the silence to mean that the power is grounded on a district court's ancillary jurisdiction. Cf. Kokkonen, 511 U.S. at 380 (viewing claims of a district court's "inherent power" as falling under ancillary jurisdiction).

Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977) ("[E]xpungement lies within the equitable discretion of the court, and relief usually is granted only in 'extreme circumstances.'"); Livingston v. U.S. Dep't of Justice, 759 F.2d 74, 78 (D.C. Cir. 1985) ("It is well established, and undisputed by the parties to this case, that courts have the inherent, equitable power to expunge arrest records."); U.S. v. Linn, 513 F.2d 925, 927 (10th Cir. 1975) ("Certain of the cases call for a 'balancing' of the equities between the Government's need to maintain extensive records in order to aid in general law enforcement and the individual's right to privacy."). However, these cases either predate Kokkonen, or they fail to address that decision, which raises questions as to their continued viability.

We agree with the Third, Eighth and Ninth Circuits that Kokkonen answers the question raised in this case. As the Kokkonen court held, ancillary jurisdiction exists only (1) to permit disposition of interrelated claims by a single court and (2) to enable a court to "manage its proceedings, vindicate its authority, and effectuate its decrees." 511 U.S. at 379-80. As in Kokkonen, the original claims brought before the district court in this case have nothing to do with the equitable grounds upon which Coloian seeks the expungement of his criminal record. Moreover, "the power asked for here is quite remote from what courts require in order to perform their functions." Id. at 380 (emphasis added). The

existence and availability of Coloian's criminal records do not frustrate or defeat his acquittal. In fact, the records are entirely consistent with and respectful of the jury's ultimate judgment in Coloian's case, as they accurately document his arrest, trial and acquittal. Thus, Kokkonen forecloses any ancillary jurisdiction to order expungement based on Coloian's proffered equitable reasons. We therefore find that the district court did not have jurisdiction to consider Coloian's request for the expungement of his criminal record on equitable grounds.

## III. Conclusion

Because we find that the district court lacked jurisdiction to consider Coloian's motion, we vacate the district court's order and remand for dismissal for want of jurisdiction.

**Vacated** and **Remanded** with instructions to dismiss.